IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-CR-25 |
| | ) | |
| JEFFREY BRYANT NICHOLS, | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on March 22, 2012, for a motion hearing on the Defendant's Motion to Continue Trial Date [Doc. 10], filed on March 15, 2012. Assistant United States Attorney Jennifer Kolman appeared on behalf of the Government. Attorney Brian E. Nichols represented the Defendant, who was also present.

In his motion, the Defendant requests that the Court continue the May 2, 2012 trial date in this case. In support of this request, the Defendant's motion asserts that his case is complex and that the discovery he has received from the Government is voluminous. The motion further asserts that defense counsel needs additional time to conduct a complex investigation related to the charges. The Defendant also filed a sealed affidavit of defense counsel, further expanding upon the necessity of the requested continuance. At the hearing, defense counsel reiterated that the discovery is complex and that he needs to investigate further, possibly out of state. Defense counsel also indicated that he is requesting additional discovery from the Government at this point and that he

1

may need to obtain additional relevant documents from third parties. Counsel represented that he had fully explained the Defendant's speedy trial rights to him and that he understands those rights. The Court questioned the Defendant, who stated that he wants his trial date to be continued and that he understands his speedy trial rights. The Government had no objection to the requested continuance. The parties agreed to a new trial date of July 31, 2012. The parties further agreed that the time between the filing of the motion to continue and the new trial date would be fully excludable time for speedy trial purposes.

The Court finds the motion to continue the May 2, 2012 trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interests of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The three-count Indictment [Doc. 3] charges the Defendant with a conspiracy to commit mail fraud spanning nearly two years, mail fraud, and money laundering. The Defendant initially appeared for arraignment in this case on February 28, 2012, and he was released on conditions. Based upon the motion, the sealed affidavit, and the representations of counsel at the hearing, the Court finds that counsel requires additional time to conduct an adequate investigation of this case and to review the voluminous discovery provided by the Government.

At the hearing, the Defendant also requested an extension of the deadline for filing pretrial motions, currently set for March 27, 2012. Because the Court finds that the Defendant requires additional time to review the voluminous discovery and conduct an adequate investigation in this case, the Court also finds that the Defendant requires additional time to determine what, if any, pretrial motions he would like to file, and to prepare those motions. The Government will need time to respond to any motions that are filed. The Court notes that the parties may file pretrial

motions which require this Court to issue a report and recommendation as to their disposition. At this time, the Court sets a new pretrial conference for May 29, 2012, at 1:30 p.m., and argument on any pending pretrial motions will be heard on that date. Following the motion hearing, the Court will need time, not to exceed thirty days, to file its order and in the case of a suppression or dispositive motion, to file a report and recommendation. 18 U.S.C. §3161(h)(1)(H). Upon the filing of the report, the parties will need time to file any objections, and the District Court will need time to rule upon the motions in light of the report and any objections. The parties will then still need time to prepare for trial in light of the Court's rulings.

The Court finds that all of this cannot take place before the current trial date. In light of the amount of preparation remaining, the Court finds that the Defendant could not be ready for trial by May 2, 2012, or in less than four months. Thus, the Court finds that the failure to grant a continuance would deprive counsel for the Defendant of the reasonable time necessary to prepare for trial despite the use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendant's Motion to Continue Trial Date **[Doc. 10]** is **GRANTED**, and the trial of this matter is reset to **July 31, 2012**. The Court also finds that all of the time between the filing of the motion to continue on March 15, 2012, and the new trial date of July 31, 2012, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(6) & -(7)(A)-(B). The Court extends the motion-filing deadline in this case to **May 2, 2012**, with responses due on or before **May 16, 2012**. A pretrial conference, during which any pending pretrial motions will be heard, will take place on **May 29, 2012, at 1:30 p.m.** As agreed by the parties, the plea negotiation deadline remains set for **April 23, 2012**. Finally, the Court instructs the parties that all motions *in limine* must be filed no later than **July 16, 2012**.

Special requests for jury instructions shall be submitted to the District Court no later than **July 20, 2012**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendant's Motion to Continue Trial Date **[Doc. 10]** is **GRANTED**;

(2) The trial of this matter is reset to commence on **July 31, 2012, at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the filing of the motion to continue on **March 15, 2012**, and the new trial date of **July 31, 2012**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) A new motion-filing deadline is set for **May 2, 2012**, with responses due on or before **May 16, 2012**;

(5) A final pretrial conference will take place before the undersigned on **May 29, 2012, at 1:30 p.m.**;

(6) The plea negotiation deadline remains **April 23, 2012**;

(7) Motions *in limine* must be filed on or before **July 16, 2012**; and

(8) Special requests for jury instructions must be submitted to the District Court by **July 20, 2012**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge