UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:12-CR-25 |
| | ) | (Phillips/Shirley) |
| JEFFREY BRYAN NICHOLS | ) | |


## MEMORANDUM AND ORDER

On July 13, 2012, the Honorable C. Clifford Shirley, United States Magistrate Judge, filed an 19-page Report and Recommendation (R&R) [Doc. 26] in which he recommended that defendant's motion to dismiss the indictment in this case [Doc. 18] be denied.

This matter is presently before the court on defendant's timely objections to the R&R [Doc. 31]. As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which defendant objects. For the reasons that follow, the court finds itself in agreement with Judge Shirley's thorough analysis of the legal issues arising from the evidentiary hearing conducted by him on May 29, 2012. Consequently, defendant's objections will be overruled, the R&R will be accepted in whole, and the underlying motion to dismiss will be denied.

Defendant has been charged in a three-count indictment with conspiracy to commit mail fraud, mail fraud, and money laundering. The indictment alleges that

defendant worked for Architectural Graphics Incorporated (AGI). During his employment with AGI, the indictment states that defendant created and forwarded for payment fictitious invoices for subcontracted work purportedly done for AGI. Through this scheme, defendant caused AGI to mail checks to a post office box in defendant's control.

Defendant moves the court to dismiss the indictment because of the government's failure to obtain and preserve "project books" (notebooks containing photographs that document completed work), which defendant argues constitute exculpatory evidence, in violation of his constitutional rights. The government responds that it had no duty to preserve the project books and that defendant has failed to show that the project books were exculpatory. The government further states that it never had control or custody over the project books and, thus, had no duty to preserve them. Instead, AGI had custody and control of the books up until their destruction, which occurred before law enforcement began investigating the case.

The magistrate judge found that in 2007 AGI discharged defendant and transferred the project books to its Virginia Beach office; in August 2007 AGI employees met with an IRS agent, who told AGI that their complaint would be put "at the bottom of the pile;" and in March 2011 AGI destroyed the project books when it remodeled its office. Later in 2011, the IRS began to investigate AGI's allegations of fraud regarding the defendant, which resulted in an indictment being filed on February 22, 2012. The magistrate judge further found that although the project books might have obtained exculpatory evidence, there was no evidence that AGI was acting on behalf of or under the

control of the government at the time it destroyed the project books in 2011. Nor did the government have constructive possession of the project books or a duty to preserve them before they were destroyed in March 2011. Thus, the magistrate judge found no basis on which to dismiss the indictment in this case.

Having reviewed the record and the briefs of the parties, the court is not persuaded that the magistrate judge erred in his findings. The reasons having been fully articulated by the magistrate judge, the issuance of a detailed opinion by the undersigned would be duplicative and serve no useful purpose.

For the foregoing reasons, as well as the reasons articulated by Magistrate Judge Shirley in his R&R, defendant's objections to the R&R [Doc. 31] are hereby **OVERRULED** in their entirety whereby the R&R [Doc. 26] is **ACCEPTED IN WHOLE.** Accordingly, defendant's motion to dismiss the indictment in this case [Doc. 18] is **DENIED** in its entirety.

**IT IS SO ORDERED.**

ENTER:

s/ Thomas W. Phillips
United States District Judge